UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00157-WYD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. ALTON JOHN SMITH, a/k/a Austin O. Ikeme,

     Defendant.

---

## ORDER

---

THIS MATTER is before the Court on Defendant, Alton John Smith's *pro se*
motion for reconsideration and motion for new trial, filed July 23, 2010, ECF No. 110.
Mr. Smith requests reconsideration of my order denying a previously filed motion for
bond pending appeal.  In addition, it appears that Defendant requests a new trial
pursuant to 28 U.S.C. § 2255.  I must construe the motion liberally because Defendant
is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,
935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not act as a *pro se* litigant's
advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons set forth herein, the motion will
be denied.

Defendant was convicted of four counts of Bank Fraud and Aiding and Abetting
in violation of 18 U.S.C. § 1344 following a jury trial that took place the week of
February 8, 2010.  On June 28, 2010, I sentenced Defendant to sixty (60) months in the
United States Bureau of Prisons.  Judgement entered on July 1, 2010, and Defendant

filed a notice of appeal on June 28, 2010.  On that same day, prior to the entry of

Judgment, Defendant requested he be allowed to remain on bond pending appeal.

In general, the filing of a notice of appeal divests a district court of jurisdiction.

*See United States v. Brown*, 290 Fed.Appx. 157, 159 (10th Cir. 2008).  However, the

initial determination of whether a convicted defendant is to be released pending appeal

is to be made by the district court.  *Id.* (Citing *United States v. Meyers*, 95 F.3d 1475,

1489 n. 6 (10th Cir. 1996)).  Upon consideration of Defendant's request for bond

pending appeal, I determined that the motion should be denied based on Defendant's

failure to demonstrate that the pending appeal raises substantial questions of law or fact

pursuant to 18 U.S.C. § 3143(b).  In the instant motion, Defendant has failed to

articulate any valid reason for reconsideration of my previous ruling on this issue.

In addition, to the extent Defendant is requesting a new trial based on 28 U.S.C.

§ 2255, that request will also be denied.   "A 28 U.S.C. § 2255 petition attacks the

legality of detention."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citation

omitted).  "The purpose of section 2255 is to provide a method of determining the

validity of a judgment by the court which imposed the sentence."  *Johnson v. Taylor*,

347 F.2d 365, 366 (10th Cir. 1965) (*per curiam*).  Here, Defendant is not attacking the

the validity of his conviction or sentence; rather, he is requesting a new trial.  A motion

for a new trial is typically asserted under Fed. R. Crim. P. 33(b).  While there is no

jurisdictional bar to consideration of a request properly asserted pursuant to 28 U.S.C. §

2255, I find that this is not a true § 2255 motion.  *See United States v. Prows,* 448 F.3d

1223, 1228 (10th Cir. 2006) (no jurisdictional bar to a district court entertaining a § 2255

motion while a direct appeal is pending, though it should only do so in extraordinary circumstances given the potential for conflict with the direct appeal). Because Defendant's motion is not properly asserted pursuant to § 2255, and because Defendant has filed a notice of appeal, I find that I lack jurisdiction to consider Defendant's request for new trial.

In conclusion, it is hereby

ORDERED that Defendant Alton John Smith's *pro se* Motion for Reconsideration, filed July 23, 2010, ECF No. 110 is **DENIED**.

Dated: July 29, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge