**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Chief Judge Wiley Y. Daniel

Criminal Case No.  09-cr-00157-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    ALTON JOHN SMITH, a/k/a Austin O. Ikeme,

      Defendant.

---

## ORDER

---

This matter is before the Court on Defendant's Motion to Release CJA From Case, filed October 27, 2010 [ECF No. 138] and Defendant's *pro se* Motion for a New Trial, filed August 8, 2011, [ECF No.142].

Defendant moved, in his October motion, to allow withdrawal of his CJA counsel Robert Berger.  The reason he gave was so he could be prepared for November 17, 2010, when a brief was due in the Tenth Circuit Court of Appeals.  The motion was not ruled on at that time.  Due to the fact that his appeal is now concluded and that Defendant has such a proclivity for filing *pro se* motions, the Court will now allow the termination of the appointment of Robert Berger.

Moving on to Defendant's Motion for a New Trial, Defendant states that this motion is based on FED. R. CRIM. P. 33(b)(1) and newly discovered evidence of prosecutorial misconduct.

FED. R. CRIM. P. 33(b)(1) provides that a motion for a new trial based on newly

discovered evidence must be brought within three years of the verdict in the underlying case.  The jury reached its verdict in this case on February 10, 2010, so Defendant's motion is timely from that viewpoint.

Defendant's first allegation of prosecutorial misconduct relates to evidence of whether his company, Marrick Entertainment, was actually engaged in business. Defendant  argues that the testimony of FBI Special Agent Doner that Marrick was not engaging in any business is at odds with information in the Presentence Investigation Report (PSI) done by U.S. Probation Officer Elizabeth Oppenheimer that shows Marrick was conducting business.  He accuses Agent Doner of perjury.

The citations of evidence given by Defendant to support his argument show the fallacy of his argument.  The question to which he refers asked Doner "Did you find any evidence of Marrick Entertainment engaging in any business?"  [ECF No. 117 at p. 284, ll14-16. ]  The answer Agent Doner gave was "No."  *Id.*  Defendant has not raised an inference that Doner <u>did find</u> evidence that Marrick was conducting business, so even if it was, there is no misconduct in his saying he did not find any evidence of it.

As noted, Defendant also cites the PSI [ECF No. 90] to show that Marrick was conducting business.  He refers to ¶ 110 under the heading of 'Employment.'  The problem with this evidence is that it consists entirely of information that Defendant gave the Probation Officer.  The paragraphs in this section all begin with phrases like 'the defendant reports,' 'the defendant advised' and 'the defendant informs.'  These are not statements of anything except what Defendant told the Probation Officer.  That is not sufficient evidence to find that any witness gave false or misleading testimony.

Defendant's next line of attack is on the testimony of a witness named David Bliesmer who was a Loan Officer for Wells Fargo. Defendant alleges that Bliesmer's testimony was a centerpiece of the trial and yet was not truthful. It is unclear upon what he bases this argument though. He cites pages 117 to 119 of ECF No. 116, a transcript of the second day of trial (February 9, 2010) which contains direct testimony from Mr. Bliesmer. Defendant's motion says "Mr. Bliesmer testified that the bank statements were faxed from the Bank of the West according to Mr. Bliesmer's testimony under oath, **'that the fake documents and bank statements were not supplied to him by petitioner Smith.' (Actual Statement Contrary to the Government's claim.**)" (Mtn. at pp. 4-5 (emphasis in original)). While the first half of his statement accurately reflects the testimony in the transcript pages cited, there is no sign of the latter "testimony under oath." If it is actually a quote, it is useless without a citation to the record. Consequently, no false testimony or government misconduct can be found based on the information given by Defendant in his motion.

Defendant's final factual argument is that the Government was obviously aware of the business engaged in by Marrick Entertainment because the Government objected to his attending an ESPN fight which he says involved a fighter who was contracted to Marrick Entertainment. Unfortunately not only does Defendant not state when this occurred but it would be irrelevant anyway because there is no allegation that it was a statement under oath or indeed, anything other than a self-serving statement by Defendant.

Defendant has failed to identify any new evidence which would affect his conviction.

It is, therefore, ORDERED that Defendant's Motion for a New Trial is DENIED.

3

It is further ORDERED that Defendant's Motion to Release CJA from the case is

GRANTED.  Robert S. Berger's representation of Defendant is terminated.


Dated:  August 19, 2011

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge