IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  09-cr-00157-WYD

UNITED STATES OF AMERICA,

            Plaintiff,

v.

1.     ALTON JOHN SMITH, a/k/a Austin O. Ikeme,

            Defendant.

---

## ORDER

---

This matter is before the Court on Defendant's *pro se* motion styled "Motion for

Reconsideration for a New Fed.R.Cr.P Upon Presentation Id [sic] Newly Discovered

Evidence of Prosecutorial Misconduct," [ECF No. 144], filed September 20, 2011.  On

August 19, 2011, I denied Defendant's motion for a new trial pursuant to Fed. R. Cr. P.

33(b)(1), which was also based upon allegations of newly discovered evidence of

prosecutorial misconduct.

Fed.R.Crim.P. 33 governs new trials in criminal cases and provides that "[t]he

court on motion of a defendant may grant a new trial to that defendant if required in the

interest of justice. . . ."  A motion for a new trial "is not regarded with favor and should

only be granted with great caution."  *United States v. Sinclair*, 109 F.2d 1527, 1531

(10th Cir. 1997); *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)

("Courts disfavor new trials, and exercise great caution in granting them").  "A motion for

a new trial lies within the discretion of the trial court and will not be reversed absent a

plain abuse of discretion." *Troutma*n, 814 F.2d at 1455.  The Tenth Circuit holds that in

order to grant a new trial based on newly discovered evidence the defendant must

establish the following:

> (1) the evidence was discovered after trial; (2) the failure to
> learn of the evidence was not caused by his own lack of
> diligence; (3) the new evidence is not merely impeaching; (4)
> the new evidence is material to the principal issues involved;
> and (5) the new evidence is of such a nature that in a new
> trial it would probably produce an acquittal.

*United States v. Pearson*, 203 F.3d 1243, 1274 (10th Cir. 2000*); United States v.*

*Stevens*, 978 F.2d 565, 570 (10th Cir. 1992); *United States v. Sinclair*, 109 F.3d 1527,

1531 (10th Cir. 1997).  If all five (5) requirements are met, the interest of justice

standard for a new trial would be satisfied.  *United States v. Quintanilla*, 193 F.3d 1139,

1147 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 1442 (2000).

As an initial matter, I note that the instant motion is not a true motion for

reconsideration.  While some of the issues raised in the motion are similar to those set

forth in Defendants most recent motion for a new trial, Defendant also raises several

new issues.  I address each of Defendant's arguments in turn.

First, Defendant complains that the Government mislead the jury in opening and

closing statements by stating that Defendant submitted false documents to Wells Fargo

Loan Officer David Bliesmer, when Mr. Bliesmer testified that had no personal

knowledge that Defendant submitted false documentation.  Defendant raised this

argument in his previous motion, and I concluded that his submission did not

demonstrate any false or misleading testimony by Mr. Bliesmer or government

misconduct.  Defendant has not demonstrated that my previous ruling was in error, nor has he submitted any new materials.  Therefore, I reject Defendant's request for reconsideration of this issue.

Next, Defendant asserts that the Government mislead the jury during its opening statement by stating that "no one knew the person buying that house was actually Alton Smith."  It does not appear that this issue was address in my prior order.  Here, Defendant points to testimony from Mr. Bliesmer and Bank of the West Investigator Diana Saia which he contends demonstrates that they knew who Alton Smith was prior to December 21, 2007.  Even assuming that the Government mischaracterized the testimony of these witnesses in opening statement, I instructed the jury that opening statements are not evidence.  In addition, Defendant had an opportunity to cross-examine these witnesses during trial and highlight any testimony favorable to his theory of defense.  Moreover, witness testimony is not  "newly discovered" evidence that would justify granting Defendant a new trial.  Therefore, I reject Defendant's request for a new trial on these grounds.

Finally, Defendant complains that the testimony of FBI Special Agent Donner that his company, Marrick Entertainment, was not actually engaged in business is at odds with other evidence submitted during trial.  This argument was raised and rejected in Defendant's previous motion for new trial.  Defendant has not submitted any new materials in connection with this argument that would justify reconsideration of this issue.

In conclusion, I find that Defendant has failed to justify reconsideration of the

Court's previous ruling on his motion for new trial, nor has he identified any new

evidence which would affect his conviction.

It is, therefore, ORDERED that Motion for Reconsideration for a New Fed.R.Cr.P

Upon Presentation Id [sic] Newly Discovered Evidence of Prosecutorial Misconduct,

[ECF No. 144], filed September 20, 2011 is **DENIED**.

Dated:  January 12, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge